**Luke D. BRUGNARA, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 14–70325**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 23, 2016

Luke D. Brugnara, Pro Se

Marion E.M. Erickson, Attorney, Michael J. Haungs, DOJ–U.S. Department of Justice, Washington, DC, William J. Wilkins, Chief Counsel, Washington, DC, for Respondent–Appellee

*See* Fed. R. App. P. 34(a)(2).

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Luke D. Brugnara appeals pro se from the Tax Court's summary judgment for the Internal Revenue Service regarding his federal income tax liabilities for various tax years. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo, *Taproot Admin. Servs., Inc. v. Comm'r*, 679 F.3d 1109, 1114 (9th Cir. 2012), and we affirm.

The Tax Court properly granted summary judgment as to tax years 2006, 2007, and 2008 because Brugnara failed to raise properly the underlying tax liability in a collection due process ("CDP") hearing. *See Giamelli v. Comm'r*, 129 T.C. 107, 115 (2007) (when a taxpayer disagrees with a notice of determination, the taxpayer may ask the Tax Court to consider the issues that were properly raised in the CDP hearing); Treas. Reg. § 301.6330–1(f)(2) Q & A F3 ("An issue is not properly raised if the taxpayer fails to request consideration of the issue by Appeals, or if consideration is requested but the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence.").

We reject as unsupported by the record Brugnara's contention that he did not receive the notice of determination.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).